IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | Juan E. Maldonado | |
| | Name: First   Middle   Last | |
| Debtor 2 (Spouse, if filing) | Name: First   Middle   Last | |
| Case number: (If known) | 19-81897 | |

Check if this is an amended plan ☑
Amends plan dated: 7/8/2019

# Chapter 13 Plan

## Part 1: Notices

To Debtor(s):   This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules, administrative orders, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies. Your failure to check a box that applies renders that provision ineffective.*

To Creditors:   Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the confirmation hearing, unless otherwise ordered. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is made. See Bankruptcy Rule 3015. In addition, a proper proof of claim must be filed in order to be paid under this plan.

The following matters may be of particular importance to you. Debtor(s) must check each box that applies. Debtor(s)' failure to check a box that applies renders that provision ineffective.

☑ The plan seeks to limit the amount of a secured claim, as set out in Part 3, § 3.2, which may result in a partial payment or no payment at all to the secured creditor.

☐ The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in Part 3, § 3.4.

☐ The plan sets out nonstandard provision(s) in Part 9.

## Part 2: Plan Payments and Length of Plan

2.1   Debtor(s) will make regular payments to the trustee as follows:

$1100 per **Month** for **2** months
$2804 per **Month** for **58** months

*Debtor(s) shall commence payments within thirty (30) days of the petition date.*

2.2   Regular payments to the trustee will be made from future income in the following manner *(check all that apply):*

☑   Debtor(s) will make payments pursuant to a payroll deduction. Debtor(s) request a payroll deduction be issued to:
    **Jacobs Technology Inc.**
☐   Debtor(s) will make payments directly to the trustee.
☐   Other (specify method of payment)

**2.3** **Income tax refunds and returns.** *Check one.*

☑ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee income tax refunds received during the plan term, if any.

☐ Debtor(s) will treat income tax refunds as follows:

_____

☐ Debtor(s) believe they are not required to file income tax returns and do not expect to receive tax refunds during the plan term.

**2.4** **Additional Payment** *Check all that apply.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5** **Adequate Protection Payments**

Any adequate protection payments shall be made as part of this plan; see Part 3 or Part 9 for details. The secured creditor must file a proof of claim in order to receive payment. Unless otherwise ordered, adequate protection payments through the trustee shall be made as funds are available after the proof of claim is properly filed.

## Part 3: Treatment of Secured Claims

**3.1** **Maintenance of payments and cure of defaults, if any, on long-term secured debts.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☑ Debtor(s) or trustee will maintain the current contractual installment payments on the secured claims listed below. These payments will be disbursed either by the trustee or paid directly by Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee. Unless otherwise ordered, the amounts listed on a proof of claim, amended proof of claim, or notice of payment change control over any contrary amounts listed below as to the estimated amount of the creditor's total claim, current installment payment, and arrearage.

| Name of Creditor | Collateral | Estimated Amount of Creditor's Total Claim | Current Installment Payment (including escrow) | Amount of Arrearage (if any) | Months Included in Arrearage | Monthly Fixed Payment on Arrearage | Monthly Fixed Payment on Arrearage to Begin |
|---|---|---|---|---|---|---|---|
| Rushmore Loan Mgmt Srvc | 3612 Nathalee Ave NW Huntsville, AL 35810 Madison County | $62,361.00 | $771.20 Disbursed by: **Debtor** To Begin: 1 | $10,025.60 | | $842.00 | |

**3.2** **Request for valuation of security, claim modification, and hearing on valuation.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**The rest of § 3.2 will be effective only if the applicable box in Part 1 of this plan is checked.**

☑ Debtor(s) request that the court determine the value(s) of the collateral and the amount(s) of the secured claim(s) listed below. For each nongovernmental secured claim listed below, Debtor(s) state that the amount of the secured claim should be the *lesser* of (a) the amount of the secured claim listed on the creditor's proof of claim and (b) the amount set out in the column headed *Amount of Secured Claim*. For each listed claim, the amount of the secured claim will be paid in full with interest at the rate stated below. *If a nongovernmental creditor timely objects to the proposed value of the creditor's collateral or the proposed amount of the creditor's secured claim, the confirmation hearing shall include a valuation hearing pursuant to 11 U.S.C. § 506 and Bankruptcy Rule 3012 unless otherwise ordered. If a nongovernmental creditor whose claim is listed below fails to timely object, the creditor shall be deemed to have accepted the amount and treatment of the creditor's secured claim as set forth below.*

For nongovernmental creditors, unless otherwise provided by this plan or otherwise ordered, the portion of any allowed claim that exceeds the amount of the secured claim listed below will be treated as an unsecured claim under Part 5 of this plan, and, if the amount of a creditor's secured claim is listed below as having a value of zero, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. For nongovernmental creditors, unless otherwise ordered, the amount of the creditor's total claim listed on the proof of claim or amended proof of claim controls over any contrary amounts listed

below, but the amount of that creditor's secured claim, the value of the collateral, and the interest rate are controlled by the plan.

The holder of any claim listed below as having value in the column headed *Amount of Secured Claim* will retain the lien until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge under 11 U.S.C. § 1328(a), at which time the lien will terminate and be released by the creditor.

For secured claims of governmental units, unless otherwise ordered, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below.

| Name of Creditor | Monthly Adequate Protection Payment | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Amount of Secured Claim | Interest Rate | Monthly Fixed Payment to Creditor | Monthly Fixed Payment to Begin |
|---|---|---|---|---|---|---|---|---|
| Bridgecrest | $79.00 | $14,995.00 | 2014 Honda Accord LX I4 | $7,887.50 | $7,887.50 | 5.25% | $776.00 | |
| Nissan Motor Acceptance | $92.00 | $12,283.27 | 2013 Nissan Maxima | $9,200.00 | $9,200.00 | 5.25% | $902.00 | |

3.3    **Secured claims excluded from 11 U.S.C. § 506 and fully secured claims.** *Check one.*

☑ None. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

3.4    **Section 522(f) judicial lien and nonpossessory, nonpurchase-money ("Non-PPM") security interest avoidance.** *Check all that apply.*

☑ None. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

3.5    **Surrender of collateral.** *Check one.*

☑ None. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**Part 4:    Treatment of Fees and Priority Claims**

4.1    **General**
Trustee's fees will be paid in full. Except as set forth in § 4.5, allowed priority claims also will be paid in full, without interest.

4.2    **Chapter 13 case filing fee.** *Check one.*
☑ Debtor(s) intend to pay the Chapter 13 case filing fee through the plan.
☐ Debtor(s) intend to pay the Chapter 13 case filing fee directly to the Clerk of Court.

4.3    **Attorney's fees.**
The total fee requested by Debtor(s)' attorney is **$3,750.00**. The amount of the attorney fee paid prepetition is **$119.00**.
The balance of the fee owed to Debtor(s)' attorney is **$3,631.00**, payable as follows (*check one*):

☐ $ at confirmation and $ per month thereafter until paid in full, or
☑ in accordance with any applicable administrative order regarding fees entered in the division where the case is pending.

4.4    **Priority claims other than attorney's fees and domestic support obligations.** *Check one.*
☐ None. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
☑ The other priority claims are listed below. Unless otherwise ordered, the amount of the creditor's priority claim listed on the proof of claim or amended proof of claim controls over any contrary amount listed below.

| Name of Creditor | Estimated Amount of Claim to be Paid | Monthly Fixed Payment, if any, to Creditor | Monthly Fixed Payment, if any, to Begin |
|---|---|---|---|
| Internal Revenue Service | $11,549.00 | | |
| State of Alabama Department of Revenue | $9,000.00 | | |

4.5    **Domestic support obligations.** *Check one.*

    ☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

### Part 5: Treatment of Nonpriority Unsecured Claims

5.1    **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata.

5.2    **Percentage, Base, or Pot Plan.** *Check one.*

    ☑ 100% Repayment Plan. This plan proposes to pay 100% of each allowed nonpriority unsecured claim.
    ☐ Percentage Plan. This plan proposes to pay ____% of each allowed nonpriority unsecured claim.
    ☐ Pot Plan. This plan proposes to pay $____, distributed pro rata to holders of allowed nonpriority unsecured claims.
    ☐ Base Plan. This plan proposes to pay $____ to the trustee (plus any tax refunds, lawsuit proceeds, or additional payments pursuant to §§ 2.3 and 2.4). Holders of allowed nonpriority unsecured claims will receive the funds remaining, if any, after disbursements have been made to all other creditors provided for in this plan

5.3    **Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*
    ☐ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*
    ☑ This plan proposes to pay interest at an annual rate of **5.25**% on allowed nonpriority unsecured claims.

5.4    **Maintenance of payments and cure of any default on long-term nonpriority unsecured claims.** *Check one.*

    ☑ **None.** *If "None" is checked, the rest of § 5.4 need not be completed or reproduced.*

5.5    **Other separately classified nonpriority unsecured claims.** *Check one.*

    ☑ **None.** *If "None" is checked, the rest of § 5.5 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

6.1    **The executory contracts and unexpired leases listed below are assumed, will be treated as specified, and any defaults cured.** *Check one.*

    ☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

6.2    **The executory contracts and unexpired leases listed below are rejected:** *Check one.*

    ☑ **None.** *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*

### Part 7: Sequence of Payments

7.1    **Unless otherwise ordered, the trustee will make the monthly payments required in Parts 3 through 6 in the sequence of payments set forth in the administrative order for the division in which this case is pending.**

### Part 8: Vesting of Property of the Estate

8.1    **Property of the estate will vest in Debtor(s)** *(check one):*

    ☑ Upon plan confirmation.

    ☐ Upon entry of Discharge

### Part 9: Nonstandard Plan Provisions

Debtor    **Juan E. Maldonado**        Case number  **19-81897**        Eff (01/01/2019)

☑ None. *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

## Part 10: Signatures:

**Signature(s) of Debtor(s) required.**

Signature(s) of Debtor(s) *(required)*:

X  **/s/ Juan E. Maldonado**                    Date  **August 20, 2019**
   Juan E. Maldonado

X  _____              Date

**Signature of Attorney for Debtor(s):**
X  **/s/ John C. Larsen**                       Date  **August 20, 2019**
   John C. Larsen
   1733 Winchester Road
   Huntsville, AL 35811
   256-859-3008

Name/Address/Telephone/Attorney for Debtor(s):

By filing this document, Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) certif(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in this district's Local Form, other than any nonstandard provisions included in Part 9.

Chapter 13 Plan                                         Page 5 of 5
Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing has been served upon all creditors listed on the matrix electronically or by depositing copies in the United States Mail, properly addressed and postage prepaid, on this the 20th day of August, 2019.

A copy was served electronically on Michele Hatcher, Chapter 13 Trustee, on this the 20th day of August, 2019.

/s/ John C. Larsen

```
Label Matrix for local noticing          Nissan Motor Acceptance Corporation      U. S. Bankruptcy Court
1126-8                                    P O Box 660366                           400 Well Street
Case 19-81897-CRJ13                       Dallas, TX 75266-0366                    P. O. Box 2775
NORTHERN DISTRICT OF ALABAMA                                                       Decatur, AL 35602-2775
Decatur
Tue Aug 20 13:57:38 CDT 2019

Advance Financial                         Bridgecrest                              Capital One
2009 Wilson Parkway                       7300 East Hampton Avenue                 Attn: Bankruptcy
Fayetteville, TN 37334-3550               Suite 100                                Po Box 30285
                                          Mesa, AZ 85209-3324                      Salt Lake City, UT 84130-0285


Capital One Bank (USA), N.A.              CashNet USA                              CashNetUSA
by American InfoSource as agent           200 W Jackson Blvd., 4th Floor           175 W Jackson Blvd
PO Box 71083                              Chicago, IL 60606-6941                   Suite 1000
Charlotte, NC  28272-1083                                                          Chicago, IL 60604-2863


Chase Card Services                       Clear One Advantage                      Internal Revenue Service
Attn: Bankruptcy                          1501 S. Clinton St                       P.O Box 7346
Po Box 15298                              Suite 320                                Philadelphia, PA 19101-7346
Wilmington, DE 19850-5298                 Baltimore, MD 21224-5733


Navient                                   Navient Solutions, LLC. on behalf of     Nissan Motor Acceptance
Attn: Bankruptcy                          PHEAA                                    Attn: Bankruptcy
Po Box 9000                               PO BOX 8147                              Po Box 660360
Wiles-Barr, PA 18773-9000                 Harrisburg, PA 17105-8147                Dallas, TX 75266-0360


ONEMAIN                                   OneMain Financial                        OneMain Financial
P.O. BOX 3251                             Attn: Bankruptcy                         PO Box 3251
EVANSVILLE, IN 47731-3251                 601 Nw 2nd St #300                       Evansville, IN 47731-3251
                                          Evansville, IN 47708-1013


Opportunity Financial, LLC                Opportunity Financial, LLC               RISE Credit
130 E. Randolph St.                       130 East Randolph Street                 Attn: Bankruptcy
Suite 340                                 Suite 3400                               Po Box 101808
Chicago, IL 60601-6241                    Chicago, IL 60601-6379                   Fort Worth, TX 76185-1808


Redstone Fcu                              Redstone Federal Credit Union            Rushmore Loan Mgmt Srvc
Attn: Bankruptcy Dept                     c/o C. Howard Grisham                    Attn: Bankruptcy
220 Wynn Drive                            P.O. Box 5585                            Po Box 55004
Huntsville, AL 35893-0001                 Huntsville, AL 35814-5585                Irvine, CA 92619-5004


State of Alabama Department of Revenue    Syncb/ccxoil                             Woodforest National Bank
50 North Ripley St.                       Attn: Bankruptcy                         Attn: Bankruptcy
Montgomery, AL 36132-0001                 Po Box 965060                            Po Box 7889
                                          Orlando, FL 32896-5060                   The Woodlands, TX 77387-7889


John C. Larsen                            Juan E. Maldonado                        Michele T. Hatcher
Larsen Law, P.C.                          3612 Nathalee Ave NW                     Chapter 13 Trustee
1733 Winchester Rd                        Huntsville, AL 35810-2526                P.O. Box 2388
Huntsville, AL 35811-9190                                                          Decatur, AL 35602-2388
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)RUSHMORE LOAN MANAGEMENT SERVICES, LLC | (d)Nissan Motor Acceptance<br>POB 660366<br>Dallas, TX  75266-0366 | End of Label Matrix<br>Mailable recipients    29<br>Bypassed recipients     2<br>Total                  31 |