# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

Fill in this information to identify your case:

Debtor 1   Juan Maldonado
           Name: First Middle Last

Debtor 2
(Spouse, if filing) Name: First Middle Last

Case number   19-81897
(If known)

Check if this is an amended plan ☑
Amends plan dated: Aug 20, 2019

# Chapter 13 Plan

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules, administrative orders, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies. Your failure to check a box that applies renders that provision ineffective.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the confirmation hearing, unless otherwise ordered. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is made. See Bankruptcy Rule 3015. In addition, a proper proof of claim must be filed in order to be paid under this plan.

The following matters may be of particular importance to you. Debtor(s) must check each box that applies. Debtor(s)' failure to check a box that applies renders that provision ineffective.

☐ The plan seeks to limit the amount of a secured claim, as set out in Part 3, § 3.2, which may result in a partial payment or no payment at all to the secured creditor.

☐ The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase money security interest, as set out in Part 3, § 3.4.

☐ The plan sets out nonstandard provision(s) in Part 9.

## Part 2: Plan Payments and Length of Plan

**2.1 Debtor(s) will make regular payments to the trustee as follows:**

$ 1,100.00    per Month    for 2     months

$ 2,804.00    per Month    for 58    months

*Debtor(s) shall commence payments within thirty (30) days of the petition date.*

**2.2 Regular payments to the trustee will be made from future income in the following manner (check all that apply):**

☑ Debtor(s) will make payments pursuant to a payroll deduction. Debtor(s) request a payroll deduction be issued to:

Jacobs Technology Inc.

☐ Debtor(s) will make payments directly to the trustee.

☐ Other   (specify method of payment) _____

### 2.3 Income tax refunds and return. *Check one.*

☑ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee income tax refunds received during the plan term, if any.

☐ Debtor(s) will treat income tax refunds as follows:


☐ Debtor(s) believe they are not required to file income tax returns and do not expect to receive tax refunds during the plan term.

### 2.4 Additional Payment. *Check all that apply.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

### 2.5 Adequate Protection Payments.

Any adequate protection payments shall be made as part of this plan; see Part 3 or Part 9 for details. The secured creditor must file a proof of claim in order to receive payment. Unless otherwise ordered, adequate protection payments through the trustee shall be made as funds are available after the proof of claim is properly filed.

## Part 3: Treatment of Secured Claims

### 3.1 Maintenance of payments and cure of defaults, if any, on long-term secured debts. *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☑ Debtor(s) or trustee will maintain the current contractual installment payments on the secured claims listed below. These payments will be disbursed either by the trustee or paid directly by Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee. Unless otherwise ordered, the amounts listed on a proof of claim, amended proof of claim, or notice of payment change control over any contrary amounts listed below as to the estimated amount of the creditor's total claim, current installment payment, and arrearage.

| Name of Creditor | Collateral | Estimated Amount of Creditor's Total Claim | Current Installment Payment (including escrow) | Amount of Arrearage (if any) | Months Included in Arrearage | Monthly Fixed Payment on Arrearage | Monthly Fixed Payment on Arrearage to Begin |
|---|---|---|---|---|---|---|---|
| Rushmore Loan Mgmt Srvc | 3612 Nathalee Ave NW Huntsville, AL 35810 | $62,361.00 | $771.20 Disbursed by: Debtor(s) To begin: 1 | $10,025.60 | | $842.00 | |

### 3.2 Request for valuation of security, claim modification, and hearing on valuation. *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**The rest of § 3.2 will be effective only if the applicable box in Part 1 of this plan is checked.**

☑ Debtor(s) request that the court determine the value(s) of the collateral and the amount(s) of the secured claim(s) listed below. For each nongovernmental secured claim listed below, Debtor(s) state that the amount of the secured claim should be the *lesser* of (a) the amount of the secured claim listed on the creditor's proof of claim and (b) the amount set out in the column headed *Amount of Secured Claim*. For each listed claim, the amount of the secured claim will be paid in full with interest at the rate stated below. *If a nongovernmental creditor timely objects to the proposed value of the creditor's collateral or the proposed amount of the creditor's secured claim, the confirmation hearing shall include a valuation hearing pursuant to 11 U.S.C. § 506 and Bankruptcy Rule 3012 unless otherwise ordered. If a nongovernmental creditor whose claim is listed below fails to timely object, the creditor shall be deemed to have accepted the amount and treatment of the creditor's secured claim as set forth below.*

For nongovernmental creditors, unless otherwise provided by this plan or otherwise ordered, the portion of any allowed claim that exceeds the amount of the secured claim listed below will be treated as an unsecured claim under Part 5 of this plan, and, if the amount of a creditor's secured claim is listed below as having a value of zero, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. For nongovernmental creditors, unless otherwise ordered, the amount of the creditor's total claim listed on the proof of claim or amended proof of claim controls over any contrary amounts listed below, but the amount of that creditor's secured claim, the value of the collateral, and the interest rate are controlled by the plan.

The holder of any claim listed below as having value in the column headed *Amount of Secured Claim* will retain the lien until the earlier of:

   (a) payment of the underlying debt determined under nonbankruptcy law, or

   (b) discharge under 11 U.S.C. § 1328(a), at which time the lien will terminate and be released by the creditor.

For secured claims of governmental units, unless otherwise ordered, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below.

| Name of Creditor | Monthly Adequate Protection Payment | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Amount of Secured Claim | Interest Rate | Monthly Fixed Payment to Creditor | Monthly Fixed Payment to Begin |
|---|---|---|---|---|---|---|---|---|
| Bridgecrest | $79.00 | $14,995.00 | 2014 Honda Accord Lx I4 | $7,887.50 | $7,887.50 | 5.25 % | $776.00 | |
| Nissan Motor Acceptance | $92.00 | $12,283.27 | 2013 Nissan Maxima | $9,200.00 | $9,200.00 | 5.25 % | $902.00 | |

**3.3 Secured claims excluded from 11 U.S.C. § 506 and fully secured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4 Section 522(f) judicial lien and nonpossessory, nonpurchase money ("Non-PPM") security interest avoidance.** *Check all that apply.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

### 3.5 Surrender of collateral. Check one.

☑ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

## Part 4: Treatment of Fees and Priority Claims

### 4.1 General.

Trustee's fees will be paid in full. Except as set forth in § 4.5, allowed priority claims also will be paid in full, without interest.

### 4.2 Chapter 13 case filing fee. Check one.

☑ Debtor(s) intend to pay the Chapter 13 case filing fee through the plan.

☐ Debtor(s) intend to pay the Chapter 13 case filing fee directly to the Clerk of Court.

### 4.3 Attorney's fees.

The total fee requested by Debtor(s)' attorney is $ 3,750.00          . The amount of the attorney fee paid prepetition is $ 119.00          .

The balance of the fee owed to Debtor(s)' attorney is $ 3,631.00          , payable as follows (check one):

☐ $_____ at confirmation and $_____ per month thereafter until paid in full, or

☑ in accordance with any applicable administrative order regarding fees entered in the division where the case is pending.

### 4.4 Priority claims other than attorney's fees and domestic support obligations. Check one.

☐ **None.** If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

☑ The other priority claims are listed below. Unless otherwise ordered, the amount of the creditor's priority claim listed on the proof of claim or amended proof of claim controls over any contrary amount listed below.

| Name of Creditor | Estimated Amount of Claim to be Paid | Monthly Fixed Payment, if any, to Creditor | Monthly Fixed Payment, if any, to Begin |
|---|---|---|---|
| Internal Revenue Service | $ 11,549.00 | $ | |
| State of Alabama Department of Revenue | $ 9,000.00 | $ | |

### 4.5 Domestic support obligations. Check one.

☑ **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

## Part 5: Treatment of Nonpriority Unsecured Claims

### 5.1 Nonpriority unsecured claims not separately classified.

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata.

### 5.2 Percentage, Base, or Pot Plan. Check one.

☑ 100% Repayment Plan. This plan proposes to pay 100% of each allowed nonpriority unsecured claim.

☐ **Percentage Plan.** This plan proposes to pay _____ % of each allowed nonpriority unsecured claim.

☐ **Pot Plan.** This plan proposes to pay $ _____, distributed pro rata to holders of allowed nonpriority unsecured claims.

☐ **Base Plan.** This plan proposes to pay $ _____ to the trustee (plus any tax refunds, lawsuit proceeds, or additional payments pursuant to §§ 2.3 and 2.4). Holders of allowed nonpriority unsecured claims will receive the funds remaining, if any, after disbursements have been made to all other creditors provided for in this plan.

**5.3 Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

☑ This plan proposes to pay interest at an annual rate of **5.25** % on allowed nonpriority unsecured claims.

**5.4 Maintenance of payments and cure of any default on long-term nonpriority unsecured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 5.4 need not be completed or reproduced.*

☐ Debtor(s) will maintain the contractual installment payments and cure any default in payments on the nonpriority unsecured claims listed below on which the last payment is due after the final plan payment. These payments will be disbursed either by the trustee or paid directly by Debtor(s), as specified below. The allowed claim for the arrearage amount will be paid in full and disbursed by the trustee. Unless otherwise ordered, the amounts listed on a proof of claim or amended proof of claim control over any contrary amount listed below as to the estimated amount of the creditor's total claim, current installment payment, and arrearage.

| Name of Creditor | Estimated Amount of Creditor's Total Claim | Current Installment Payment | Amount of Arrearage (if any) | Months Included in Arrearage | Monthly Fixed Payment on Arrearage | Monthly Fixed Payment on Arrearage to Begin |
|---|---|---|---|---|---|---|
| Navient, Deferred Student Loans | $ 129,600.00 | $ 0.00 Disbursed by: Debtor(s) To begin: 1 | $ 0.00 | | $ | |

**5.5 Other separately classified nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.5 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed, will be treated as specified, and any defaults cured.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

**6.2 The executory contracts and unexpired leases listed below are rejected.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*

### Part 7: Sequence of Payments

**7.1** Unless otherwise ordered, the trustee will make the monthly payments required in Parts 3 through 6 in the sequence of payments set forth in the administrative order for the division in which this case is pending.

## Part 8: Vesting of Property of Estate

**8.1 Property of the estate will vest in Debtor(s)** *(check one):*

☑ Upon plan confirmation.

☐ Upon entry of Discharge.

## Part 9: Nonstandard Plan Provisions

☑ **None.** *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

## Part 10: Signatures

**Signature(s) of Debtor(s)** *(required)*:

✗ /s/ Juan Maldonado     Date Aug 29, 2019

✗ _____     Date

**Signature of Attorney for Debtor(s):** ✗ /s/ John C. Larsen     Date Aug 29, 2019

Name/Address/Telephone/Attorney for Debtor(s):

John C. Larsen
1733 Winchester Rd. NE
Huntsville, AL 35811
256-859-3008

By filing this document, Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) certif(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in this district's Local Form, other than any nonstandard provisions included in Part 9.

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing has been served upon all creditors listed on the matrix electronically or by depositing copies in the United States Mail, properly addressed and postage prepaid, on this the 29th day of August, 2019.

A copy was served electronically on Michele Hatcher, Chapter 13 Trustee, on this the 29th day of August, 2019.

/s/ John C. Larsen

Label Matrix for local noticing
1126-8
Case 19-81897-CRJ13
NORTHERN DISTRICT OF ALABAMA
Decatur
Thu Aug 29 10:59:08 CDT 2019

Nissan Motor Acceptance Corporation
P O Box 660366
Dallas, TX 75266-0366

U. S. Bankruptcy Court
400 Well Street
P. O. Box 2775
Decatur, AL 35602-2775

Advance Financial
2009 Wilson Parkway
Fayetteville, TN 37334-3550

Brandon S. Lefkowitz
29777 Telegraph Road, Suite 2440
Southfield, MI 48034-7667

Bridgecrest
7300 East Hampton Avenue
Suite 100
Mesa, AZ 85209-3324

Bridgecrest
P O Box 29018
Phoenix, AZ 85038-9018

Capital One
Attn: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130-0285

Capital One Bank (USA), N.A.
by American InfoSource as agent
PO Box 71083
Charlotte, NC 28272-1083

CashNet USA
200 W Jackson Blvd., 4th Floor
Chicago, IL 60606-6941

CashNetUSA
175 W Jackson Blvd
Suite 1000
Chicago, IL 60604-2863

Chase Card Services
Attn: Bankruptcy
Po Box 15298
Wilmington, DE 19850-5298

Clear One Advantage
1501 S. Clinton St
Suite 320
Baltimore, MD 21224-5733

Internal Revenue Service
P.O Box 7346
Philadelphia, PA 19101-7346

Navient
Attn: Bankruptcy
Po Box 9000
Wiles-Barr, PA 18773-9000

Navient Solutions, LLC. on behalf of
PHEAA
PO BOX 8147
Harrisburg, PA 17105-8147

Nissan Motor Acceptance
Attn: Bankruptcy
Po Box 660360
Dallas, TX 75266-0360

ONEMAIN
P.O. BOX 3251
EVANSVILLE, IN 47731-3251

OneMain Financial
Attn: Bankruptcy
601 Nw 2nd St #300
Evansville, IN 47708-1013

OneMain Financial
PO Box 3251
Evansville, IN 47731-3251

Opportunity Financial, LLC
130 E. Randolph St.
Suite 340
Chicago, IL 60601-6241

Opportunity Financial, LLC
130 E. Randolph Street
Suite 3400
Chicago, IL 60601-6379

Opportunity Financial, LLC
130 East Randolph Street
Suite 3400
Chicago, IL 60601-6379

RISE Credit
Attn: Bankruptcy
Po Box 101808
Fort Worth, TX 76185-1808

Redstone Fcu
Attn: Bankruptcy Dept
220 Wynn Drive
Huntsville, AL 35893-0001

Redstone Federal Credit Union
c/o C. Howard Grisham
P.O. Box 5585
Huntsville, AL 35814-5585

Rushmore Loan Mgmt Srvc
Attn: Bankruptcy
Po Box 55004
Irvine, CA 92619-5004

State of Alabama Department of Revenue
50 North Ripley St.
Montgomery, AL 36132-0001

Syncb/ccxoil
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896-5060

Woodforest National Bank
Attn: Bankruptcy
Po Box 7889
The Woodlands, TX 77387-7889

| John C. Larsen | Juan E. Maldonado | Michele T. Hatcher |
|---|---|---|
| Larsen Law, P.C. | 3612 Nathalee Ave NW | Chapter 13 Trustee |
| 1733 Winchester Rd | Huntsville, AL 35810-2526 | P.O. Box 2388 |
| Huntsville, AL 35811-9190 | | Decatur, AL 35602-2388 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)RUSHMORE LOAN MANAGEMENT SERVICES, LLC

(d)Nissan Motor Acceptance
POB 660366
Dallas, TX 75266-0366

End of Label Matrix
Mailable recipients    32
Bypassed recipients     2
Total                  34